IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS | § | C.A. NO. _____ |
| | § | |
| vs. | § | JURY REQUESTED |
| | § | |
| THIRTEEN PALLETS OF INDUSTRIAL | § | |
| OILFIELD HOSES AND FIVE PALLETS | § | |
| OF BLOWOUT PREVENTERS | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

T.S.D. S.R.L. ("TSD") files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

## REMOVED CASE

1. Prior to removal to this Court, this case was pending in the 269th Judicial District Court of Harris County, Texas, as Cause No. 2020-37989, and styled *State of Texas, v. Thirteen Pallets of Industrial Oilfield Hoses and Five Pallets of Blowout Preventers*.

## TIMELINESS OF REMOVAL

2. This lawsuit was filed on June 25, 2020. Upon information and belief, service has not yet been perfected on any Defendant. Accordingly, this Notice of Removal is timely because the thirty day limitation imposed by 28 U.S.C. §1446(b) for filing this Notice of Removal has not yet begun, let alone expired.

## BASIS OF FEDERAL JURISDICTION

3. This Court has original diversity jurisdiction under 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. §1441(a).

4. This action arises under and presents substantial questions of federal law because Plaintiff's Second Amended Petition alleges that the items seized by the Plaintiff:

> are contraband as defined under Chapter 59 of the Texas Code of Criminal Procedure **and** were intended to be used in the commission of, or was purchased with the proceeds of the **commission of a felony enumerated under Federal Law** and, therefore; **the wiring of funds across Texas state lines to further a federal felony** is a violation of the Texas Money Laundering Statue, Penal Code Chapter 34 (34.02 Money Laundering). Affiant submits there is probable cause to believe the target orders were ordered by Iranian procurement company TSD, and, through representations outlined above, were intended for use in Iran, and that no party applied for, or was granted, a U.S. export license. … **Affiant finds the export of U.S. origin oil field equipment to Iran without the required export license from the U.S. Department of Treasury is a federal felony under the laws of the United States, specifically: 50 U.S. Code §1705 (IEEPA), 50 USC 4819 (2) Specific unlawful acts, the Export Control Reform Act of 2018 (ECRA), 18 U.S. Code §554 (Smuggling) and 18 U.S. Code §1956(a)(2) (Money Laundering), 50 USC 4819 (2) Specific unlawful acts, Iranian Transactions Regulations – based on violations of 31C.F.R. Part 560: U.S. Code of Federal Regulations (the "ITR").**

*See* App. A., Item 3 at p. 4 of 5.

5. Plaintiff's claims in this action clearly arise under federal law because the alleged criminal activity that is the basis for the seizure is alleged to be the commission of a federal felony. *See Texas v. Approximately $3,552,510.67*, 2006 WL 6584604 (S.D. Tex. April 12, 2006). Because this cause of action arises under the laws of the United States, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. The Petition does not appear to allege any state law claims, but assuming for the sake of argument that it does, then this Court also has supplemental jurisdiction over such state law claims pursuant to 28 U.S.C. § 1441(c).

7. Venue for purposes of removal is proper in this District and Division under 28 U.S.C. §1441(a) because this district and division embrace the 269th Judicial District Court of Harris County, Texas, the forum in which the removed action was pending.

## COMPLIANCE WITH 28 U.S.C. §1446(a) AND LOCAL RULE 81

8. In accordance with 28 U.S.C. §1446(a) and Local Rule 81, all documents required to be filed herewith are attached and indexed under **Appendix "A"**, including: (i) all executed process in the case (there is none), (ii) all pleadings on file, (iii) all orders signed by the state judge (there are none), (iv) a copy of the state court docket sheet; (v) an index of the matters being filed, and (vi) a complete list of all counsel of record.

## NOTICE TO STATE COURT

9. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of Notice of Removal will be given to the 269th Judicial District Court of Harris County, Texas, promptly after the filing of this Notice of Removal, and to counsel of record for all parties.

## JOINDER OF DEFENDANTS

10. No joinder of Defendants is required pursuant to 28 U.S.C. § 1446(b), because no Defendants have been served.

WHEREFORE, Defendant T.S.D. S.R.L. hereby effectuates a removal of this cause to this Honorable Court and prays that such removal be entered on the docket of this Court, and that this Court grant Defendant such other and further relief, either at law or in equity, general or special, to which Defendants may be justly entitled.

Respectfully submitted,

*/s/ Giorgio Caflisch*
Giorgio "George" Caflisch
State Bar of Tex. No.: 03588720
E-mail: gcaflisch@sheehyware.com
**ATTORNEY-IN-CHARGE FOR T.S.D. S.R.L.**

Of Counsel:
SHEEHY, WARE & PAPPAS, P.C.
909 Fannin, Suite 2500
Houston, Texas 77010-1008

(713) 951-1010 (Telephone)
(713) 951-1199 (Facsimile)

## **CERTIFICATE OF SERVICE**

 Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been furnished to all counsel of record on the 16th day of December, 2020.

*/s/ Giorgio Caflisch*
Giorgio "George" Caflisch

4063208v1