NO. 2020-37989

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| THIRTEEN PALLETS OF INDUSTRIAL | § | |
| OILFIELD HOSES AND FIVE PALLETS | § | |
| OF BLOWOUT PREVENTERS | § | 269TH JUDICIAL DISTRICT |

## APPENDIX "A"

## INDEX OF MATTERS BEING FILED

1. Plaintiff's Notice of Seizure and Intended Forfeiture;

2. Plaintiff's First Amended Notice of Seizure and Intended Forfeiture;

3. Plaintiff's Second Amended Notice of Seizure and Intended Forfeiture;

4. Special Appearance of T.S.D. S.R.L.;

5. T.S.D. S.R.L.'s Original Answer to Plaintiff's Second Amened Notice of Seizure and Intended Forfeiture.

# ITEM 1

NO. _____

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | OF HARRIS COUNTY, TX |
| | § | |
| FIVE REELS OF COILED TUBING, | § | _____ JUDICIAL DISTRICT |
| TWO PALLETS OF TURBINE | | |
| ENGINE PARTS, THIRTEEN | | |
| PALLETS OF INDUSTRIAL | | |
| OILFIELD HOSES AND FIVE | | |
| PALLETS OF BLOW OUT | | |
| PREVENTERS | | |

## PLAINTIFF'S NOTICE OF SEIZURE AND INTENDED FORFEITURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the State of Texas as Plaintiff by and through her District Attorney for Harris County, Texas, and files this Notice of Seizure and Intended Forfeiture against FIVE REELS OF COILED TUBING, TWO PALLETS OF TURBINE ENGINE PARTS, THIRTEEN PALLETS OF INDUSTRIAL OILFIELD HOSES AND FIVE PALLETS OF BLOW OUT PREVENTERS and incorporates for all intents and purposes the Notice of Seizure attached to Plaintiff's Notice of Seizure and Intended Forfeiture and alleges the following:

I.

This proceeding is brought under and by virtue of Chapter 59 of the Texas Code of Criminal Procedure. Plaintiff alleges that discovery is intended to be conducted under Discovery Plan Level 2, in accordance with Rule 190, of the Texas Code of Civil Procedure, and affirmatively pleads that this suit is not governed under the expedited-action process. Plaintiff does not seek monetary relief, rather the Plaintiff seeks a judgment that the subject property is contraband and that it be forfeited to the state.

II.

Jurisdiction is conferred upon this Court by virtue of Article V, Section 8 of the Texas Constitution and Article 59.04 of the Code of Criminal Procedure, and the occurrences recited hereinafter.

III.

Plaintiff complains of ALI SHAVANDI, M, hereinafter referred to as RESPONDENT, as owner and possessor of the FIVE REELS OF COILED TUBING, TWO PALLETS OF TURBINE ENGINE PARTS, THIRTEEN PALLETS OF INDUSTRIAL OILFIELD HOSES AND FIVE PALLETS OF BLOW OUT PREVENTERS. RESPONDENT ALI SHAVANDI, M may be served at his last known residence or place of business at T.S.D. S.R.L. (TSD).

T.S.D. S.R.L. (TSD), Office No. 114, Al Qayada Bldg., Dubai, U.A.E., is a foreign limited liability company organized and existing under the laws of the United Arab Emirates, whose principal office is located at Office No. 114, Al Qayada Bldg., Dubai, U.A.E. T.S.D. S.R.L. (TSD) may be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701 as its agent for service because the Respondent engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from the Respondent's business in Texas.

IV.

Plaintiff alleges that there was probable cause to seize said property and that said property is contraband as defined by Article 59.01 of the Code of Criminal Procedure and is thereby subject to forfeiture. Specifically, Plaintiff alleges that said property is either the proceeds gained from the commission of an offense, acquired with proceeds from the commission of an offense, used or intended to be used in the commission of an offense, and/or used or intended to be used to facilitate the commission of any offense enumerated under Chapter 59.01(2) of the Texas Code of Criminal Procedure, including but not limited to Chapter 34 and 71 of the Texas Penal Code, based upon the facts set forth in the attached and previously incorporated Notice of Seizure. Said property was seized on the 17th day JUNE, 2020, in Harris County, Texas.

V.

Plaintiff alleges that the above property bears no known liens or other encumbrances by any other person or entity.

WHEREFORE, PREMISES CONSIDERED, the State of Texas prays that upon hearing, this Court enter a finding that the FIVE REELS OF COILED TUBING, TWO PALLETS OF TURBINE ENGINE PARTS, THIRTEEN PALLETS OF INDUSTRIAL OILFIELD HOSES AND FIVE PALLETS OF BLOW OUT PREVENTERS are contraband and upon such finding to order the forfeiture of said property to the State of Texas with the Harris County District Attorney's Office, acting as agent for the State, and then to be administered and disposed of by said office in compliance with Article 59.06 of the Code of Criminal Procedure.

Respectfully submitted,

Angela Beavers
Assistant District Attorney
Harris County, Texas
500 Jefferson, Suite 600
Houston, Texas 77002
Phone: (713) 274-5570
Facsimile: (713) 437-4967
Office Bar No. 99999997
Attorney Bar No. 00795243
Attorney for Plaintiff
Email: beavers_angela@dao.hctx.net

Unofficial Copy Office of Marilyn Burgess District Clerk

# NOTICE OF SEIZURE

## INCIDENT NO. __SETEIG 05.2020.03__

TO THE DISTRICT ATTORNEY OF HARRIS COUNTY, TEXAS:

The undersigned peace officer, __CDR Beau Price__, who is duly employed by the following law enforcement agency, __SETEIG/ Polk County Cstbl. Pct 1 Department__, hereby notifies the Harris County District Attorney's Office that the below-listed property was seized on or about the __17th__ day of __June__, 20_20_ by the SETEIG/ Polk County Cstbl. Pct 1 Department :

Item 1.    Five reels of coiled tubing  (Reel Numbers: 7499, 7500, 7503, 7504, and 7505) located at:  BC Metals and Logistics, 9248 Caniff Street, Houston, Texas, 77017.

Item 2.    2 pallets of Turbine engine parts located at Unique Carrier Service, 19051 Kenswick Drive, Suite 170, Humble, Harris County, Texas 77338.

Item 3.    13 pallets of Industrial Oilfield hoses located at DSV Air & Sea, 19409 Kenswick Drive, Humble, Harris County, Texas 77338.

Item 4.    5 pallets of Blow out preventers located at the 15631 Export Plaza Drive, Suite 200, Houston Harris County Texas.

The undersigned peace officer believes that the seized property constitutes the proceeds of a felony offense and is contraband, as defined by Chapter 59 of the Texas Code of Criminal Procedure, based upon the following information, obtained in conjunction with his own investigation:

Based on the foregoing information, Your Affiant believes that the aforementioned items are contraband as defined under Chapter 59 of the Texas Code of Criminal Procedure and were intended to be used in the commission of, or was purchased with the proceeds of the commission of a felony enumerated under Federal Law and, therefore; the wiring of funds across Texas state lines to further a federal felony is a violation of the Texas Money Laundering Statue, Penal Code Chapter 34 (34.02 Money Laundering). Affiant submits there is probable cause to believe the target orders were ordered by Iranian procurement company TSD, and, through representations outlined above, were intended for use in Iran, and that no party applied for, or was granted, a U.S. export license. Affiant further finds that the aforementioned items are in fact located in Houston, Harris County, Texas. Affiant finds the export of U.S. origin oil field equipment to Iran without the required export license from the U.S. Department of Treasury is

a federal felony under the laws of the United States, specifically: 50 U.S. Code §1705 (IEEPA), 50 USC 4819 (2) Specific unlawful acts, the Export Control Reform Act of 2018 (ECRA), 18 U.S. Code §554 (Smuggling) and 18 U.S. Code §1956(a)(2) (Money Laundering), 50 USC 4819 (2) Specific unlawful acts, Iranian Transactions Regulations – based on violations of 31 C.F.R. Part 560: U.S. Code of Federal Regulations (the "ITR").


_____
Peace Officer's Signature


*SWORN TO AND SUBSCRIBED* before me on this the __22__ day of ____June____ 20 __20__

_____
Notary Public in and for
Harris County, Texas

Revised 01/31/2014 – Page 1 of 5

MICHAEL E. MARTIN
Notary Public
STATE OF TEXAS
Commission Exp. JULY 16, 2020

Unofficial Copy Office of Marilyn Burgess District Clerk

# ITEM 2

NO. 2020-37989

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | OF HARRIS COUNTY, TX |
| | § | |
| THIRTEEN PALLETS OF | § | 269TH JUDICIAL DISTRICT |
| INDUSTRIAL OILFIELD HOSES | | |
| AND FIVE PALLETS OF BLOW | | |
| OUT PREVENTERS | | |

## PLAINTIFF'S FIRST AMENDED NOTICE OF SEIZURE AND INTENDED FORFEITURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the State of Texas as Plaintiff by and through her District Attorney for Harris County, Texas, and files this Amended Notice of Seizure and Intended Forfeiture against THIRTEEN PALLETS OF INDUSTRIAL OILFIELD HOSES AND FIVE PALLETS OF BLOW OUT PREVENTERS and incorporates for all intents and purposes the Notice of Seizure attached to Plaintiff's First Amended Notice of Seizure and Intended Forfeiture and alleges the following:

I.

This proceeding is brought under and by virtue of Chapter 59 of the Texas Code of Criminal Procedure. Plaintiff alleges that discovery is intended to be conducted under Discovery Plan Level 2, in accordance with Rule 190, of the Texas Code of Civil Procedure, and affirmatively pleads that this suit is not governed under the expedited-action process. Plaintiff does not seek monetary relief, rather the Plaintiff seeks a judgment that the subject property is contraband and that it be forfeited to the state.

II.

Jurisdiction is conferred upon this Court by virtue of Article V, Section 8 of the Texas Constitution and Article 59.04 of the Code of Criminal Procedure, and the occurrences recited hereinafter.

III.

Plaintiff complains of ALI SHAVANDI, M, hereinafter referred to as RESPONDENT, as owner and possessor of the THIRTEEN PALLETS OF INDUSTRIAL

OILFIELD HOSES AND FIVE PALLETS OF BLOW OUT PREVENTERS. RESPONDENT ALI SHAVANDI, M may be served at his last known residence or place of business at T.S.D. S.R.L. (TSD).

T.S.D. S.R.L. (TSD), Office No. 114, Al Qayada Bldg., Dubai, U.A.E., is a foreign limited liability company organized and existing under the laws of the United Arab Emirates, whose principal office is located at Office No. 114, Al Qayada Bldg., Dubai, U.A.E. T.S.D. S.R.L., AND/OR secondary offices are located at SHARAF LOGISTICS LLC, P.O. BOX 1179, JIBROO MUSCAT, 114, OM AND/OR PROLAZ MARIJE K. KOZULIC 2/IV, VAT: 96907308927, RIJEKA HR 51000. (TSD) may be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701 as its agent for service because the Respondent engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from the Respondent's business in Texas.

IV.

Plaintiff alleges that there was probable cause to seize said property and that said property is contraband as defined by Article 59.01 of the Code of Criminal Procedure and is thereby subject to forfeiture. Specifically, Plaintiff alleges that said property is either the proceeds gained from the commission of an offense, acquired with proceeds from the commission of an offense, used or intended to be used in the commission of an offense, and/or used or intended to be used to facilitate the commission of any offense enumerated under Chapter 59.01(2) of the Texas Code of Criminal Procedure, including but not limited to Chapter 34 and 71 of the Texas Penal Code, based upon the facts set forth in the attached and previously incorporated Notice of Seizure. Said property was seized on the 17th day JUNE, 2020, in Harris County, Texas.

V.

Plaintiff alleges that the above property bears no known liens or other encumbrances by any other person or entity.

WHEREFORE, PREMISES CONSIDERED, the State of Texas prays that upon hearing, this Court enter a finding that the THIRTEEN PALLETS OF INDUSTRIAL

OILFIELD HOSES AND FIVE PALLETS OF BLOW OUT PREVENTERS are contraband and upon such finding to order the forfeiture of said property to the State of Texas with the Harris County District Attorney's Office, acting as agent for the State, and then to be administered and disposed of by said office in compliance with Article 59.06 of the Code of Criminal Procedure.

Respectfully submitted,

_____

James Murphy
Assistant District Attorney
Harris County, Texas
500 Jefferson, Suite 600
Houston, Texas 77002
Phone: (713) 274-5570
Facsimile: (713) 437-4967
Attorney Bar No. 24046500
Attorney for Plaintiff
Email: murphy_james@dao.hctx.net

Unofficial Copy Office of Marilyn Burgess District Clerk

# NOTICE OF SEIZURE

## INCIDENT NO. __SETEIG 05.2020.03_

TO THE DISTRICT ATTORNEY OF HARRIS COUNTY, TEXAS:

The undersigned peace officer, __CDR Beau Price_, who is duly employed by the following law enforcement agency, _SETEIG/ Polk County Cstbl. Pct 1 Department, hereby notifies the Harris County District Attorney's Office that the below-listed property was seized on or about the _17th_ day of _June_, 20_20_ by the SETEIG/ Polk County Cstbl. Pct 1 Department_:

Item 1.      13 pallets of Industrial Oilfield hoses located at DSV Air & Sea, 19409 Kenswick Drive, Humble, Harris County, Texas 77338.

Item 2.      5 pallets of Blow out preventers located at the 15631 Export Plaza Drive, Suite 200, Houston Harris County Texas.

The undersigned peace officer believes that the seized property constitutes the proceeds of a felony offense and is contraband, as defined by Chapter 59 of the Texas Code of Criminal Procedure, based upon the following information, obtained in conjunction with his own investigation: _____

_____

Based on the foregoing information, Your Affiant believes that the aforementioned items are contraband as defined under Chapter 59 of the Texas Code of Criminal Procedure and were intended to be used in the commission of, or was purchased with the proceeds of the commission of a felony enumerated under Federal Law and, therefore; the wiring of funds across Texas state lines to further a federal felony is a violation of the Texas Money Laundering Statue, Penal Code Chapter 34 (34.02 Money Laundering).  Affiant submits there is probable cause to believe the target orders were ordered by Iranian procurement company TSD, and, through representations outlined above, were intended for use in Iran, and that no party applied for, or was granted, a U.S. export license. Affiant further finds that the aforementioned items are in fact located in Houston, Harris County, Texas.  Affiant finds the export of U.S. origin oil field equipment to Iran without the required export license from the U.S. Department of Treasury is a federal felony under the laws of the United States, specifically: 50 U.S. Code §1705 (IEEPA), 50 USC 4819 (2)  Specific unlawful acts, the Export Control Reform Act of 2018 (ECRA), 18 U.S. Code §554 (Smuggling) and 18 U.S. Code §1956(a)(2) (Money Laundering), 50 USC 4819 (2)  Specific unlawful acts, Iranian Transactions Regulations – based on violations of 31 C.F.R. Part 560: U.S. Code of Federal Regulations (the "ITR").



**Beau Price**_____
Peace Officer's Signature

*SWORN TO AND SUBSCRIBED* before me on this the _8___ day of _July_____ 20_20_.

_____
Notary Public in and for
Harris County, Texas



MICHAEL A. MARTIN
Notary Public
STATE OF TEXAS
Commission Exp. JULY 16, 2020

Unofficial Copy Office of Marilyn Burgess District Clerk

# ITEM 3

## NO. 2020-37989

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **V.** | § | **OF HARRIS COUNTY, TX** |
| | § | |
| **THIRTEEN PALLETS OF** | § | **269TH JUDICIAL DISTRICT** |
| **INDUSTRIAL OILFIELD HOSES** | | |
| **AND FIVE PALLETS OF BLOW** | | |
| **OUT PREVENTERS** | | |

## PLAINTIFF'S SECOND AMENDED NOTICE OF SEIZURE AND INTENDED FORFEITURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the State of Texas as Plaintiff by and through her District Attorney for Harris County, Texas, and files this Amended Notice of Seizure and Intended Forfeiture against THIRTEEN PALLETS OF INDUSTRIAL OILFIELD HOSES AND FIVE PALLETS OF BLOW OUT PREVENTERS and incorporates for all intents and purposes the Notice of Seizure attached to Plaintiff's Second Amended Notice of Seizure and Intended Forfeiture and alleges the following:

I.

This proceeding is brought under and by virtue of Chapter 59 of the Texas Code of Criminal Procedure. Plaintiff alleges that discovery is intended to be conducted under Discovery Plan Level 2, in accordance with Rule 190, of the Texas Code of Civil Procedure, and affirmatively pleads that this suit is not governed under the expedited-action process. Plaintiff does not seek monetary relief, rather the Plaintiff seeks a judgment that the subject property is contraband and that it be forfeited to the state.

II.

Jurisdiction is conferred upon this Court by virtue of Article V, Section 8 of the Texas Constitution and Article 59.04 of the Code of Criminal Procedure, and the occurrences recited hereinafter.

III.

Plaintiff complains of ALI SHAVANDI, M, hereinafter referred to as RESPONDENT, as owner and possessor of the THIRTEEN PALLETS OF INDUSTRIAL

OILFIELD HOSES AND FIVE PALLETS OF BLOW OUT PREVENTERS. RESPONDENT ALI SHAVANDI, M may be served at his last known residence or place of business at T.S.D. S.R.L. (TSD).

T.S.D. S.R.L. (TSD), Office No. 114, Al Qayada Bldg., Dubai, U.A.E., is a foreign limited liability company organized and existing under the laws of the United Arab Emirates, whose principal office is located at Office No. 114, Al Qayada Bldg., Dubai, U.A.E. T.S.D. S.R.L., AND/OR secondary offices are located at SHARAF LOGISTICS LLC, P.O. BOX 1179, JIBROO MUSCAT, 114, OM AND/OR PROLAZ MARIJE K. KOZULIC 2/IV, VAT: 96907308927, RIJEKA HR 51000. (TSD) may be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701 as its agent for service because the Respondent engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from the Respondent's business in Texas.

FURTHER, Plaintiff complains of T.S.D. S.R.L., hereinafter referred to as CO-RESPONDENT, as co-owner and co-possessor of the THIRTEEN PALLETS OF INDUSTRIAL OILFIELD HOSES AND FIVE PALLETS OF BLOW OUT PREVENTERS. CO-RESPONDENT, T.S.D. S.R.L., is a foreign limited liability company organized and existing under the laws of the European Union and Italy, whose principal office is located at Via Vigonese 81/A, 35127 Padova PD, Italy. T.S.D. S.R.L. may be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701 as its agent for service because the Co-Respondent engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from the Co-Respondent's business in Texas.

IV.

Plaintiff alleges that there was probable cause to seize said property and that said property is contraband as defined by Article 59.01 of the Code of Criminal Procedure and is thereby subject to forfeiture. Specifically, Plaintiff alleges that said property is either the proceeds gained from the commission of an offense, acquired with proceeds from the commission of an offense, used or intended to be used in the commission of an offense,

and/or used or intended to be used to facilitate the commission of any offense enumerated under Chapter 59.01(2) of the Texas Code of Criminal Procedure, including but not limited to Chapter 34 and 71 of the Texas Penal Code, based upon the facts set forth in the attached and previously incorporated Notice of Seizure. Said property was seized on the 17th day JUNE, 2020, in Harris County, Texas.

V.

Plaintiff alleges that the above property bears no known liens or other encumbrances by any other person or entity.

WHEREFORE, PREMISES CONSIDERED, the State of Texas prays that upon hearing, this Court enter a finding that the THIRTEEN PALLETS OF INDUSTRIAL OILFIELD HOSES AND FIVE PALLETS OF BLOW OUT PREVENTERS are contraband and upon such finding to order the forfeiture of said property to the State of Texas with the Harris County District Attorney's Office, acting as agent for the State, and then to be administered and disposed of by said office in compliance with Article 59.06 of the Code of Criminal Procedure.

Respectfully submitted,

_____
James Murphy
Assistant District Attorney
Harris County, Texas
500 Jefferson, Suite 600
Houston, Texas 77002
Phone: (713) 274-5570
Facsimile: (713) 437-4967
Attorney Bar No. 24046500
Attorney for Plaintiff
Email: murphy_james@dao.hctx.net

# NOTICE OF SEIZURE

## INCIDENT NO. __SETEIG 05.2020.03_

TO THE DISTRICT ATTORNEY OF HARRIS COUNTY, TEXAS:

The undersigned peace officer, __CDR Beau Price_, who is duly employed by the following law enforcement agency, _SETEIG/ Polk County Cstbl. Pct 1 Department, hereby notifies the Harris County District Attorney's Office that the below-listed property was seized on or about the _17th_ day of _June_, 20_20_ by the SETEIG/ Polk County Cstbl. Pct 1 Department_:

Item 1.      13 pallets of Industrial Oilfield hoses located at DSV Air & Sea, 19409 Kenswick Drive, Humble, Harris County, Texas 77338.

Item 2.      5 pallets of Blow out preventers located at the 15631 Export Plaza Drive, Suite 200, Houston Harris County Texas.

The undersigned peace officer believes that the seized property constitutes the proceeds of a felony offense and is contraband, as defined by Chapter 59 of the Texas Code of Criminal Procedure, based upon the following information, obtained in conjunction with his own investigation: _____

_____

Based on the foregoing information, Your Affiant believes that the aforementioned items are contraband as defined under Chapter 59 of the Texas Code of Criminal Procedure and were intended to be used in the commission of, or was purchased with the proceeds of the commission of a felony enumerated under Federal Law and, therefore; the wiring of funds across Texas state lines to further a federal felony is a violation of the Texas Money Laundering Statue, Penal Code Chapter 34 (34.02 Money Laundering).  Affiant submits there is probable cause to believe the target orders were ordered by Iranian procurement company TSD, and, through representations outlined above, were intended for use in Iran, and that no party applied for, or was granted, a U.S. export license. Affiant further finds that the aforementioned items are in fact located in Houston, Harris County, Texas.  Affiant finds the export of U.S. origin oil field equipment to Iran without the required export license from the U.S. Department of Treasury is a federal felony under the laws of the United States, specifically: 50 U.S. Code §1705 (IEEPA), 50 USC 4819 (2)  Specific unlawful acts, the Export Control Reform Act of 2018 (ECRA), 18 U.S. Code §554 (Smuggling) and 18 U.S. Code §1956(a)(2) (Money Laundering), 50 USC 4819 (2)  Specific unlawful acts, Iranian Transactions Regulations – based on violations of 31 C.F.R. Part 560: U.S. Code of Federal Regulations (the "ITR").



**Beau Price**_____
Peace Officer's Signature

*SWORN TO AND SUBSCRIBED* before me on this the _8___ day of _July_____, 20_20_.

_____

Notary Public in and for
Harris County, Texas

MICHAEL E. MARTIN
Notary Public
STATE OF TEXAS
Commission Exp. JULY 16, 2020

Unofficial Copy Office of Marilyn Burgess District Clerk

# ITEM 4

NO. 2020-37989

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| THIRTEEN PALLETS OF INDUSTRIAL | § | |
| OILFIELD HOSES AND FIVE PALLETS | § | |
| OF BLOWOUT PREVENTERS | § | 269TH JUDICIAL DISTRICT |

## SPECIAL APPEARANCE OF T.S.D. S.R.L.

T.S.D. S.R.L., prior to filing any other pleading or motion or otherwise appearing in this action, hereby files this special appearance for the sole purpose of objecting to the Court's exercise of personal jurisdiction over it, pursuant to Rule 120a of the Texas Rules of Civil Procedure. T.S.D. S.R.L. asks the Court to sustain its special appearance and dismiss Plaintiff's suit against it.

## T.S.D. S.R.L. IS NOT SUBJECT TO PERSONAL JURISDICION IN TEXAS

Texas courts may exercise jurisdiction over a nonresident Defendant such as T.S.D. S.R.L. only if the exercise of jurisdiction is authorized by the Texas long-arm statute and comports with state and federal constitutional guarantees of due process. *Moki Mac River Expeditions v. Drugg,* 221 S.W.3d 569, 574 (Tex. 2007). The plaintiff bears the initial burden to plead sufficient jurisdictional allegations to bring the nonresident defendant within the reach of Texas's long-arm statute. *Old Republic Nat. Ins. Co. v. Bell*, 549 S.W.3d 550, 559 (Tex. 2018).

Plaintiff has not asserted, let alone established, a prima facie case that T.S.D. S.R.L. is subject to the jurisdiction of a Texas court under the Due Process Clause of the Fourteenth Amendment and the Texas Long Arm Statute. Indeed, this Court does not have either specific or general personal jurisdiction over Defendant.

1

When pleading a case against a nonresident, a plaintiff must allege facts that, if true, would make a nonresident defendant subject to personal jurisdiction in a Texas court. *See Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 657-58 (Tex. 2010). Personal jurisdiction does not exist because Plaintiff's Second Amended Notice of Seizure and Intended Forfeiture ("the Petition") does not contain any factual allegations that T.S.D. S.R.L. engaged in any acts in Texas which would bring it within the scope of the Texas Long Arm Statute. Specific jurisdiction does not exist, as none of Plaintiff's claims in this case arise out of any of T.S.D. S.R.L.'s conduct in or contacts with Texas. *Bristol-Myers Squibb Co. v. Superior Court*, ___ U.S. ___, 137 S. Ct. 1773, 1780, 198 L. Ed. 2d 395 (2017). Where there is no "affiliation between the forum and the underlying controversy, principally an activity or occurrence that takes place in the forum state," specific jurisdiction does not exist "regardless of the extent of a Defendant's unconnected activities in the state." *Id.* at 1781.

The Petition merely contains a conclusory allegation that "this suit arose from [T.S.D. S.R.L.]'s business in Texas," which T.S.D. S.R.L. specifically denies. The Petition does not allege any conduct by T.S.D. S.R.L. in Texas by which it purposefully availed itself of the privilege of conducting activities within Texas, which allegedly gave rise to Plaintiff's claims, nor does it allege any nexus between any act or omission of T.S.D. S.R.L. in Texas and Plaintiff's claims. Because the conclusory allegations in the Petition are insufficient, T.S.D. S.R.L. can meet its burden of proof by simply presenting evidence that it is not a Texas resident. *See Kelly*, 301 S.W.3d at 658-59; *Perna v. Hogan*, 162 S.W.3d 648, 653 (Tex. App. – Houston [14th Dist.] 2005, no pet. hist.).

General jurisdiction does not exist because T.S.D. S.R.L. is not incorporated in Texas, does not have its principal place of business in Texas, and does not have such continuous and

systematic contacts with Texas to render it "essentially at home" in Texas. *BNSF Ry. Co. v. Tyrrell*, ⸺ U.S. ⸺, 137 S. Ct. 1549, 1558, 198 L. Ed. 2d 36 (2017); *Daimler AG v. Bauman*, 571 U.S. 117, 127, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014). "Normal in-state business does not suffice to convey general jurisdiction." *Tyrrell*, 137 S.Ct. at 1558–59 (concluding that having 2,000 miles of railroad and more than 2,000 employees in the forum state does support general jurisdiction). "Only a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction in that State." *Bristol-Myers Squibb Co. v. Superior Court*, ___ U.S. ___, 137 S. Ct. 1773, 1780, 198 L. Ed. 2d 395 (2017). Moreover, "the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler*, 517 U.S. at 137. The test for general jurisdiction is a "high bar." *Old Republic Nat. Ins. Co. v. Bell*, 549 S.W.3d 550, 565 (Tex. 2018)*; Monkton Ins. Serv. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)(It is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.").

## <u>INSUFFICIENT CONTACTS WITH TEXAS</u>

1. T.S.D. S.R.L. is an Italian limited liability company, organized and existing under the laws of Italy and the European Union, with its principal place of business in Padova, Italy.

2. T.S.D. S.R.L. is a single member limited liability company. Its sole member is Ali Shahvandi.

3. T.S.D. S.R.L. is not a resident of Texas. It does not maintain - and has never maintained - a place of business in Texas.

4. Ali Shahvandi is likewise not a resident of Texas. He does not maintain - and has never maintained - a place of business or residence in Texas.

5.      Neither T.S.D. S.R.L. nor Ali Shahvandi have ever physically engaged in business in Texas.

6.      Neither T.S.D. S.R.L. nor Ali Shahvandi have ever manufactured products for sale in Texas or distributed products for sale into Texas.

7.      Neither T.S.D. S.R.L. nor Ali Shahvandi have ever rendered any services in Texas.

8.      Neither T.S.D. S.R.L. nor Ali Shahvandi maintain any offices, facilities or any other place of business in Texas, or have any employees in Texas.

9.      Neither T.S.D. S.R.L. nor Ali Shahvandi have any bank accounts or telephone numbers in Texas.

10.     Neither T.S.D. S.R.L. nor Ali Shahvandi have ever owned or possessed any real property in Texas, or applied for or received a loan of money in the State of Texas.

11.     Neither T.S.D. S.R.L. nor Ali Shahvandi have committed any tort, in whole or in part, in Texas.

12.     Neither T.S.D. S.R.L. nor Ali Shahvandi maintain substantial, continuous, and systematic contacts with Texas as to render them "essentially at home" in Texas.

13.     The alleged claims made the basis of this suit do not arise out of or result from any of T.S.D. S.R.L. or Ali Shahvandi's contacts, if any, with Texas.

## EXERCISING JURISDICTION WOULD VIOLATE TRADITIONAL NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE

Because T.S.D. S.R.L. does not have sufficient minimum contacts with Texas, this Court's exercise of jurisdiction over it would offend traditional notions of fair play and substantial justice. *See PHC-Minden L.P. v. Kimberly-Clark Corporation*, 235 S.W.3d 163 (Tex. 2007); *Daimler AG v. Bauman,* 134 S.Ct. 746, 187 L.Ed.2d 624 (2014). In *Bristol-Myers*, the Supreme Court noted that the "primary concern in determining personal jurisdiction is the

burden on the defendant." 137 S.Ct. at 1780 (internal quotation marks and citation omitted). "[R]estrictions on personal jurisdiction are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States." *Id.* (internal quotation marks and citation omitted).

## CONCLUSION

This Court does not have jurisdiction over T.S.D. S.R.L. because it is not amenable to process issued by the courts in the State of Texas. These courts do not have jurisdiction over T.S.D. S.R.L. because it did not commit any act that would have put it on notice that it would be subject to the jurisdiction of a Texas Court. First, the Plaintiff's cause of action does not arise from or relate to any conduct of T.S.D. S.R.L. in Texas. Second, T.S.D. S.R.L. does not have those systematic and continuous contacts with the State of Texas that would constitutionally support personal jurisdiction over it by the courts of the State of Texas. Third, the assertion of personal jurisdiction over T.S.D. S.R.L. would so offend traditional notions of fair play and substantial justice as to violate the constitutional requirements of due process.

WHEREFORE, T.S.D. S.R.L. respectfully requests that this Court set this special appearance for hearing before hearing any other plea, and that upon hearing, the Court sustain its special appearance and enter a final judgment dismissing all of Plaintiff's claims against it for want of personal jurisdiction.

Respectfully submitted,

SHEEHY, WARE & PAPPAS, P.C.

By: _/s/ George Caflisch_
    Giorgio "George" Caflisch
    State Bar No. 03588720
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003

(713) 951-1000
(713) 951-1199 (Telecopier)
gcaflisch@sheehyware.com
***Attorneys for T.S.D. S.R.L.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via certified mail, return receipt requested, messenger delivery, e-filing, or facsimile transmission on December 14, 2020, on all counsel of record.

*/s/ George Caflisch*

Giorgio "George" Caflisch

4063210v1

## VERIFICATION PURSUANT TO TEX. CIV. PRAC & REM. CODE SEC. 132.001

"My name is Ali Shahvandi. My date of birth is November 12. 1960, and my address is Via Vigonovese 81/A, 35127 Padova, Italy. I declare under penalty of perjury that the foregoing is true and correct. I am the General Manager and sole Member of T.S.D. S.R.L. and I am authorized to make this verification on its behalf. I have read this Special Appearance and every factual statement in the numbered paragraphs contained therein is true and correct and within my personal knowledge.

Executed in Padova, Italy, on the 11* day of December, 2020

_____
ALI SHAHVANDI

# ITEM 5

NO. 2020-37989

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| THIRTEEN PALLETS OF INDUSTRIAL | § | |
| OILFIELD HOSES AND FIVE PALLETS | § | |
| OF BLOWOUT PREVENTERS | § | 269TH JUDICIAL DISTRICT |

## T.S.D. S.R.L.'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED NOTICE OF SEIZURE AND INTENDED FORFEITURE

T.S.D. S.R.L., subject to and without waiving its previously filed Special Appearance, files this its Original Answer and Jury Demand and shows the Court:

## PARTY IDENTIFICATION INFORMATION

T.S.D. S.R.L., an Italian limited liability company, organized and existing under the laws of Italy and the European Union, with its principal place of business at Via Vigonovese 81/A, 35127 Padova, Italy, is the sole owner of the 13 pallets of industrial oilfield hoses and 5 pallets of blowout preventers that are the subject of this action.

## GENERAL DENIAL

As authorized by Rule 92 of the Texas Rules of Civil Procedure, JLG enters a general denial of all matters plead by Plaintiffs and requests that the Court require Plaintiffs to prove their charges and allegations by a preponderance of the evidence as required by the rules, statutes and Constitution of the State of Texas.

## AFFIRMATIVE DEFENSES

1. Respondent did not acquire the property made the basis of this suit as a result of, or with the proceeds from, the commission of any crime.

1

2.      Pleading in the alternative, the seizure of Respondent's property was unlawful and not supported by a warrant or probable cause. Plaintiff's actions violated the constitutional and statutory rights of Respondent under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Texas Constitution.

3.      Pleading in the alternative, Plaintiff does not have clean hands, and as a matter of equity, should be stopped from prosecuting this forfeiture.

### NOTICE OF USE OF DOCUMENTS PRODUCED

Subject to and without waiving its Special Appearance, and pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant gives notice that all documents produced by the Plaintiff will be used at any pretrial proceeding or at the trial of this case.

### JURY DEMAND

Subject to and without waiving its Special Appearance, Defendant hereby formally makes a demand and application for a jury trial in this litigation, pursuant to Rule 216 of the Texas Rules of Civil Procedure. A jury fee is being tendered contemporaneously with the filing of this Application.

WHEREFORE, T.S.D. S.R.L. prays that, in the event the Court deny its special appearance, that the Court, after notice and hearing or trial, enter judgment in T.S.D. S.R.L.'s favor, award it costs of court, attorney's fee and such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

SHEEHY, WARE & PAPPAS, P.C.

By: */s/ George Caflisch*

      Giorgio "George" Caflisch
      State Bar No. 03588720
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003
(713) 951-1000
(713) 951-1199 (Telecopier)
gcaflisch@sheehyware.com
***Attorneys for T.S.D. S.R.L.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via certified mail, return receipt requested, messenger delivery, e-filing, or facsimile transmission on December 14, 2020, on all counsel of record.

*/s/ George Caflisch*
Giorgio "George" Caflisch

4064624v1

Unofficial Copy Office of Marilyn Burgess District Clerk