United States District Court
Southern District of Texas
**ENTERED**
March 01, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:20-cv-04265 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| THIRTEEN PALLETS OF | § | |
| INDUSTRIAL OILFIELD | § | |
| HOSES AND FIVE | § | |
| PALLETS OF BLOWOUT | § | |
| PREVENTERS, | § | |
| Defendants. | § | |

**FURTHER ORDER ON**
**STIPULATION OF VOLUNTARY DISMISSAL**

This case is dismissed after hearing on the joint stipulation of dismissal filed by Plaintiff State of Texas and Defendant TSD srl. Dkt 5.

The prior memorandum and order related to this stipulation is incorporated here. Dkt 6. Concern was expressed there as to whether the subject notices of seizure were in compliance with Rule 11 of the Federal Rules of Civil Procedure, given that they were being dismissed with prejudice and without explanation shortly after removal to federal court. Id at 6. More particularly, concern was expressed as to whether the State lacked the requisite probable cause necessary to support allegation of underlying criminal conduct. Id at 4, 6–7.

As previously noted, *probable cause* in this context means "a reasonable belief that 'a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute.'" *$56,700 in US Currency*, 730 SW2d 659, 661 (Tex 1987), quoting *United States v $364,960.00 in US Currency*, 661 F2d 319, 323 (5th Cir 1981), superseded on other grounds by statute as

stated in *United States v $92,203.00 in US Currency*, 537 F3d 504, 508–09 (5th Cir 2008). The Texas Supreme Court has stressed the importance of the connection between the at-issue property and the alleged criminal activity. "It is that link, or nexus, between the property to be forfeited and the statutorily defined criminal activity that establishes probable cause, without which the State lacks authority to seize a person's property." *$56,700 in US Currency*, 730 SW2d at 661, citing Tex Const art I, § 9.

The State introduced a number of exhibits at hearing in support of its good-faith belief that probable cause existed to seize the subject goods. This included shipping records for the pertinent oilfield equipment with inconsistent destination points. Dkts 11-1, 11-2. It also included website information on an Iranian company named Talashgaran Sanat & Danesh, abbreviated as TSD. Dkt 11-4. Information there included the listing of an office in Italy, using the same phone number as seen on other exhibits referencing TSD srl. Compare Dkt 11-4 at 16, with Dkt 11-5 at 1. Letterhead for TSD srl indicated that acronym stands for Technology Science and Development, *società a responsabilità limitata* (viz, an Italian limited liability company). Dkt 11-11 at 5. Counsel for TSD srl called this a simple coincidence of acronyms, which, when paired with the telephone numbers, strains credibility.

The State also introduced exhibits establishing that it had obtained search warrants to search pertinent email addresses. Dkts 11-3, 11-14. And so, the State introduced other communications on the subject of oilfield equipment destined first for Oman and then ultimately (and apparently) for Iran. Some of these concerned communications between TSD and American manufacturing and procurement companies. For example, see Dkts 11-6, 11-8, 11-10 to 11-13. Others involved communications between TSD srl and similar American companies. For example, see Dkts 11-7, 11-9. At the very least, these materials show an overlap in business operations between TSD and TSD srl and support an inference of their collaboration. These communications also included contracts, purchase orders, invoices, and wire instructions, with some involving TSD officers as to the at-issue equipment, with

2

inclusion at times of a person indisputably connected to TSD srl. For example, see Dkts 11-9 to 11-11.

It needn't be fully resolved whether probable cause supported the notices of seizure filed by the State in this action. See Dkt 1-1 at 3, 9, 15. The pertinent question is whether representations by the State in those notices complied with Rule 11. The Court finds that they did.

Concern was also expressed in the prior order that the State dismissed this action with prejudice and without explanation after having alleged serious violations of federal law. Dkt 6 at 6–7. The State explained that it believed its case against the property and TSD srl was entirely legitimate, but that upon removal to federal court and further review of the value of the seized goods, it determined that further prosecution wasn't financially justified. This was particularly so, the State said, because it had received assurances from TSD srl that the seized goods would not be trafficked contrary to federal law. It also noted that law-enforcement concerns as to TSD srl could now be monitored on a going-forward basis.

This is a sufficient rationale, even if it isn't entirely satisfactory. The State was admonished to consider whether it should seize and detain property in the first place if it isn't prepared to see the action through to the end. It was also admonished that, in situations where its assertion of substantial violation of federal law with respect to a seizure results in removal to federal court, it should be prepared to articulate to that court its rationale for dismissal before unilaterally attempting to terminate the action.

\* \* \* \* \*

The joint stipulation of dismissal proceeds under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. That notice was "self-effectuating." *Qureshi v United States*, 600 F3d 523, 525 (5th Cir 2010).

This case is DISMISSED.

S<small>O</small> <small>ORDERED</small>.

Signed on March 1, 2021, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge